Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 3 C 168 | DATE | 11/29/2004 |
| CASE TITLE | Howard Ashford vs. Gregory S. Lambert | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny the Section 2254 habeas petition for writ of habeas corpus brought by Petitioner Howard Ashford. This is a final and appealable order. This case is terminated.** |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 02 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | rbf docketing deputy initials | 17 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOWARD ASHFORD, )
)
    Petitioner, )
)
v. ) No. 03 C 0168
)
GREGORY S. LAMBERT, ) Wayne R. Andersen
) District Judge
    Respondent. )

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the petition of Howard Ashford for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petition for habeas corpus is denied.

## BACKGROUND

After a bench trial in the Circuit Court of Cook County, Petitioner was found guilty by the Court of three counts of aggravated criminal sexual assault surrounding an encounter with his fifteen year-old niece. The Court sentenced him to three consecutive six year terms of imprisonment.

Petitioner appealed his conviction to the Illinois Appellate Court, First District. On appeal, Petitioner's appointed counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Petitioner filed a response to the *Anders* motion in which he raised a variety of claims, including a state speedy trial act violation, ineffective assistance of counsel, judicial bias, and involuntary confession. The Illinois Appellate Court granted counsel's motion to withdraw and affirmed Petitioner's conviction on March 31, 2000.



Petitioner did not file a timely petition for leave to appeal to the Illinois Supreme Court. However, on April 9, 2001, Petitioner filed a motion for leave to file a late petition for leave to appeal to the Illinois Supreme Court. On June 1, 2001, the Illinois Supreme Court issued an order which stated that "[t]he motion by petitioner for leave to file a late petition for leave to appeal is denied."

On August 17, 1999, Petitioner filed a pro se petition for post-conviction relief in the Circuit Court of Cook County. This post-conviction petition raised only the claim that one of the statutes under which Petitioner was sentenced was unconstitutional under Illinois law. The petition for post-conviction relief was denied by the Circuit Court on November 5, 1999. Petitioner appealed the denial of his post-conviction petition to the Illinois Appellate Court raising a single claim – that his sentence was unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Illinois Appellate Court affirmed the denial of post-conviction relief. *People v. Ashford*, No. 1-00-0333 (Ill. App. Ct. Aug. 2, 2001).

Petitioner filed a timely petition for leave to appeal to the Illinois Supreme Court from the denial of his post-conviction petition. In his petition for leave to appeal, Petitioner argued that his sentence violates *Apprendi* and that he received ineffective assistance of counsel. The petition for leave to appeal was denied by the Illinois Supreme Court on December 5, 2001.

Petitioner then filed a habeas corpus petition in this Court. Petitioner raises four claims in his petition: (1) his Sixth Amendment right to a speedy trial was violated; (2) his trial counsel was ineffective; (3) judicial bias; and (4) "Judiciary Inquiry Board Investigation/Constitutional Right violation."

2

## DISCUSSION

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2245(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law "). The federal courts may not grant habeas relief under Section 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default. *See Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default."); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (same). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

A petitioner has exhausted his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further

3

available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985).

In this case, exhaustion is not an issue. Petitioner has exhausted his state court remedies for purposes of federal habeas review because he has no further avenues in state court through which to challenge his conviction. We now turn to the issue of procedural default.

## I. Procedural Default

The procedural default hurdle forbids the federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when the petitioner fails to present a claim to the state courts at the time, and in the way required by the state. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996). In Illinois, a habeas petitioner is required to raise all arguments before the Illinois Supreme Court, even though the Court has discretionary control over its docket. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999).

To determine whether a petitioner has forfeited or procedurally defaulted any of his claims, we must look solely to state law. In fact, as the Seventh Circuit has explained, "[f]orfeiture depends on state law, and it is accordingly essential to know whether the state courts have either held that a procedural misstep is a forfeiture, or would so hold if a collateral attack were filed in state court." *McBride*, 74 F.3d at 147.

In this case, Respondent contends that Petitioner has procedurally defaulted all four claims raised in his habeas petition. Petitioner admits in his petition that he did not present his fourth claim to any prior court and, therefore, that claim is procedurally defaulted.

Respondent argues that Petitioner has defaulted the remaining three claims because he has not presented the claims to the Illinois courts for one full round of review, either on direct appeal or on post-conviction review. We agree. In order for Petitioner to preserve these claims for federal habeas review, he must provide the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In Illinois, "one complete round" is finished once the petitioner has presented the habeas claims, whether on direct appeal or on post-conviction appeal, at each stage of the appellate process, up through and including the Illinois Supreme Court. *See id.* at 847-48; *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999).

In this case, Petitioner did not raise any of these three issues (speedy trial violation, ineffective assistance of counsel, or judicial errors) to the Illinois Appellate Court on post-conviction appeal. Therefore, he clearly did not obtain "one complete round" of review during the post-conviction appeal process.

Turning to the direct appeal process, Petitioner did raise all of these issues on direct appeal to the Illinois Appellate Court. However, he failed to file a timely appeal to the Illinois Supreme Court on direct appeal. The Illinois Appellate Court denied Petitioner's direct appeal on March 31, 2000. Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court until April 9, 2001–more than one year later. The Illinois Supreme Court did not consider the merits of Petitioner's appeal but, instead, ruled that "[t]he motion by petitioner for leave to

file a late petition for leave to appeal is denied." Petitioner's rejected untimely attempt to present his claims to the Illinois Supreme Court does not save his claims from being procedurally defaulted because federal courts must respect a state's enforcement of its timeliness rules. *Boerckel*, 526 U.S. at 848; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *United States ex rel Conde v. Scott*, 224 F. Supp. 2d 1203, 1205-06 (N.D. Ill. 2002); *cf. Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (a state collateral attack must comply with state time requirements to be "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)). Therefore, Petitioner did not present his claims to the state courts at the time, and in the way, required by the state for "one complete round" of review. For these reasons, we find that all of the claims in Petitioner's habeas petition are procedurally defaulted.

A federal court may nonetheless address the merits of a procedurally defaulted claim if the petitioner can establish cause and prejudice that would excuse it or, alternatively, establish that he fits within the miscarriage of justice exception to the cause and prejudice rule. *Coleman*, 501 U.S. at 750-51; *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977). Beginning with the cause and prejudice standard, the Supreme Court has interpreted "cause" under this test to be something external to the petitioner which is both beyond his control and which cannot be fairly attributed to him. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In order to establish prejudice, the petitioner "must show not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Petitioner has failed to establish cause and prejudice in his petition. First, Petitioner cannot demonstrate cause for the late petition for leave to appeal. In his habeas petition,

6

Petitioner gives no reasons for his failure to file a timely appeal to the Illinois Supreme Court. In his motion for leave to file a late petition for leave to appeal, however, Petitioner claims that the reason he did not file a timely petition for leave to appeal was because he had filed an affidavit of intent to file a petition for leave to appeal and thought that was all he needed to file in order to perfect his appeal. Petitioner further describes the mistake as "inadvertent error." But Illinois Supreme Court Rule 315(b) clearly states that when an affidavit of intent to file a petition for leave to appeal is filed, the petition for leave to appeal must still be filed. The affidavit only serves to extend the time for filing the petition for leave to appeal:

> Unless a timely petition for rehearing is filed in the Appellate Court, a party seeking leave to appeal must file the petition for leave in the Supreme Court within 21 days after entry of the judgment of the Appellate Court, or within the same 21 days file with the Appellate Court an affidavit of intent to file a petition for leave, and file the petition within 35 days after the entry of such judgment.

Ill. S. Ct. R. 315(b). As Petitioner demonstrated familiarity with this statute in the state courts, his explanation is not credible. *See* Objections to Motion for Leave to File a Late Petition for Leave to Appeal at ¶ 3, appended to the Petition. Even if it were credible, "inadvertent error" of this sort is not the sort of "cause" sufficient to excuse a procedural default. The Supreme Court has stated that "cause" is "some objective factor external to the defense" that impeded him from following the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *see also Dellinger v. Bowen*, 301 F.3d 758, 766 (2002) (petitioner's lack of education is not "cause"). Forgetting to file a petition for leave to appeal on time is not external to the Petitioner and is, therefore, not cause. Moreover, Petitioner has failed to establish prejudice because he has not shown that the alleged errors at trial so infected "his entire trial with error of constitutional dimensions." *See Murray*, 477 U.S. at 494.

Although Petitioner has failed to establish cause and prejudice to excuse his procedural default, he can still overcome this forfeiture by showing that he fits within the "miscarriage of justice" exception. This exception is limited to those extraordinary cases in which the petitioner is actually innocent of the crime for which he is imprisoned. *Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001). Therefore, it requires a colorable claim of actual innocence, as opposed to legal innocence, coupled with an allegation of a constitutional claim. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992). The miscarriage of justice exception applies only if the petitioner can demonstrate that it is more likely than not that no reasonable jury would have convicted him in the absence of the alleged defect in the state court proceedings. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner cannot establish the miscarriage of justice exception because he fails to show that this is the extraordinary case in which a constitutional violation resulted in the conviction of an innocent person. Petitioner makes no claim of actual innocence in his habeas petition. We find that, based on the evidence presented, that the jury would have likely convicted Petitioner regardless of the constitutional violations Petitioner alleges in his habeas petition. Moreover, Petitioner presents no newly discovered reliable evidence in his petition which was not presented at trial to prove his innocence. Therefore, Petitioner has failed to establish cause and prejudice for his procedurally defaulted claims or that he fits within the miscarriage of justice exception.

Accordingly, Claims One, Two, Three and Four of Petitioner's habeas petition are barred from review by this Court.

## CONCLUSION

For the foregoing reasons, we deny the § 2254 habeas petition for writ of habeas corpus brought by Petitioner Howard Ashford. This is a final and appealable order. This case is terminated.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 29, 2004